IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
------------------------------------------------------------

WISCONSIN LABORERS PENSION FUND,
WISCONSIN LABORERS HEALTH FUND,
WISCONSIN LABORERS APPRENTICESHIP &
TRAINING FUND, JOHN J. SCHMITT,
WISCONSIN LABORERS DISTRICT COUNCIL,
WISCONSIN LABORERS-EMPLOYERS
COOPERATION AND EDUCATION TRUST
FUND, CONTRACT ADMINISTRATION FUND,
WISCONSIN MASONS PENSION FUND,
WISCONSIN MASONS HEALTH CARE FUND,
WISCONSIN MASONS EDUCATION/JAC FUND,
GARY BURNS, INDUSTRY ADVANCEMENT
PROGRAM/CONTRACT ADMINISTRATION
FUND, BRICKLAYERS & TROWEL TRADES
INTERNATIONAL PENSION FUND,
INTERNATIONAL PENSION FUND/PENSION
PROTECTION ACT FUNDING IMPROVEMENT
PLAN, INTERNATIONAL MASONRY INSTITUTE,
BRICKLAYERS AND ALLIED CRAFTWORKERS
DISTRICT COUNCIL OF WISCONSIN and
INTERNATIONAL UNION OF BRICKLAYERS &
ALLIED CRAFTWORKERS,

                Plaintiffs,                ORDER
   v.
                                                                      18-cv-264-wmc
WAYNE'S CAULKING, INC. and WAYNE KRUSE,

                Defendants.
------------------------------------------------------------

Plaintiffs, unions and their various health care, pension, vacation and training funds, allege that defendants Wayne's Caulking, Inc., and Wayne Kruse violated the Labor-Management Relations Act of 1947, the Employee Retirement Income Security Act of 1974, and the parties' collective bargaining agreement by failing to pay fringe benefit contributions on behalf of their employees to the plaintiff funds and by unlawfully

retaining union dues. Defendants failed to answer or otherwise respond, and default has been entered against them. (Dkt. ##46-47.) Before the court are plaintiffs' motions for default judgment. (Dkt. ##29, 35.) The court held a telephonic hearing on the motion on March 6, 2019, at which defendants did not appear. During the hearing, plaintiffs' counsel agreed with the changes discussed below to plaintiffs' proposed judgment.

Default having been entered against defendants, the court accepts as true all of the factual allegations in the complaint, except those relating to damages. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). In their motions for default judgment and in supporting materials, plaintiffs provide proof of damages against each of the defendants. For defendant Wayne's Caulking, Inc., plaintiffs seek (1) $67,690.44, in unpaid contributions and dues (of which $3,602.67 represented unpaid dues), liquidated damages and interest, (2) $5,011.75 in attorney's fees and (3) $548.50 for reimbursement of the costs of prosecution, namely the filing fee and service of process fees.

As for defendant Kruse, plaintiffs allege that he is an officer of Wayne's Caulking and the only individual with authority to determine whether Wayne's Caulking pays dues to the union plaintiffs. As such, plaintiffs allege that Kruse violated Wis. Stat. §§ 895.446 and 943.20 by failing to make the required payments, and seek (1) $3,602.67 in unpaid dues, (2) $10,808.01 in treble damages and (3) $548.50 for reimbursement of the costs of prosecution. While these categories are appropriate, the court notes that the damages amount should simply be three times the unpaid dues, or a total of $10,808.01, *not* the unpaid dues in addition to three times that amount.

While plaintiffs submit ample support to justify the requested amounts and the

math appears to be in order, from the courts review, plaintiffs are seeking double recovery as to two amounts: $3,602.67 in unpaid dues and $548.40 for reimbursement of costs of prosecution. As such, the court will direct entry of a judgment that provides that those amounts are owed jointly and severally by the two defendants. Accordingly,

IT IS ORDERED that:

1) Plaintiffs' motions for default judgment (dkt. ##29, 35) are GRANTED.

2) Plaintiffs are awarded $4,151.17, representing unpaid dues (including interest) and costs of prosecution, against both defendants, jointly and severally.

3) Plaintiffs are awarded $69,099.52, representing unpaid fringe benefits contributions, liquidated damages, interest and attorney's fees, against defendant Wayne's Caulking, Inc.

4) Plaintiffs are awarded $7.205.45, representing the additional treble damages for unpaid dues, against defendants Wayne Kruse.

5) The clerk's office is directed to enter judgment consistent with this order and close this case.

Entered this 6th day of March, 2019.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge